UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LAWRENCE HIGGINS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:12-CV-2899 |
| | § | |
| RICK THALER, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

Plaintiff Lawrence Higgins filed a complaint under 42 U.S.C. § 1983 alleging violations of his Eighth Amendment rights. Defendant Rick Thaler moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons stated below, defendant's motion is denied.

**I.     Background**

At all times relevant to this case, Plaintiff Lawrence Higgins was an inmate in the Texas Department of Criminal Justice ("TDCJ"). Defendant Rick Thaler was, at all relevant times, the Director of the TDCJ Correctional Institutions Division.

Higgins alleges that he was denied medically necessary orthopedic footwear despite doctors' prescriptions for the footwear. He further contends that Thaler implemented the policy under which Higgins was denied the footwear.

## II.     Analysis

### A.     Standard of Review

In reviewing a motion to dismiss under rule 12(b)(6), the complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir.1986). The standard of review under rule 12(b)(6) has been summarized as follows: "The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 601 (1969).

### B.     Personal Involvement

To prevail on his claim, Higgins must demonstrate that Thaler was personally involved in the alleged constitutional violation or committed wrongful acts that were causally connected to a constitutional deprivation. *See Jones v. Lowndes County, Mississippi*, 678 F.3d 344, 349 (5th Cir. 2012). Moreover, supervisory officials cannot be held vicariously liable under 42 U.S.C. § 1983 for acts of their subordinates on a theory of *respondeat superior*. *Monell v. Dept't of Soc. Servs.*, 436 U.S. 658, 692 (1978).

Thaler argues that the policy about which Higgins complains was created and implemented by the University of Texas Medical Branch ("UTMB"), which provides health services to TDCJ inmates. He attaches to his motion a copy of the policy.

Thaler's assertion may be true, but it is, at this point, nothing but an unsworn assertion contained in his motion to dismiss, supported by an unauthenticated exhibit. Setting aside the impropriety of considering the exhibit on a motion to dismiss, *see*, *e.g.*, *Seymour v. Haas*, 16 F.3d 1215 (5th Cir. 1994)("[t]he district court may not look beyond the pleadings to rule on a motion to dismiss"), the unsworn assertion is insufficient to meet the standards for dismissal under Rule 12(b)(6). Giving the complaint the liberal reading required by the rule, Higgins alleges that he was denied needed medical treatment pursuant to a policy implemented by TDCJ under defendant's direction. That, on its face, is sufficient to state a claim.

### C.     Conclusion

For the foregoing reasons, defendant's motion to dismiss is denied.

### III.     Order

It is ORDERED that the defendant's motion to dismiss (Doc. # 10) is DENIED.

SIGNED on this 13th day of September, 2013.

_____
Kenneth M. Hoyt
United States District Judge