UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LAWRENCE HIGGINS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:12-CV-2899 |
| | § | |
| RICK THALER, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

Plaintiff Lawrence Higgins filed a complaint under 42 U.S.C. § 1983 alleging a violation of his Eighth Amendment rights. On December 23, 2013, defendant moved for summary judgment. Plaintiff has not responded to the motion. For the reasons stated below, defendant's motion is granted and plaintiff's complaint is dismissed with prejudice.

**I.     Background**

At all times relevant to this case, Higgins was an inmate in, and defendant Thaler was the Director of, the Correctional Institutions Division of the Texas Department of Criminal Justice ("TDCJ") . Plaintiff alleges that he was denied medically necessary orthopedic footwear pursuant to a TDCJ policy promulgated by defendant Thaler, or by the Correctional Institutions Division under Thaler's supervision.

Higgins explains that he suffered injuries in an automobile accident in 1979, and has required orthopedic footwear since that time. More Definite Statement ("MDS") at 1. He asserts that a TDCJ policy limits the availability of orthopedic footwear to inmates working a job assignment or enrolled in an educational program. Higgins contends that, because he did not meet these requirements, he was denied the orthopedic footwear despite his medical needs.

## II.     Analysis

### A.     Standard of Review

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the "evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986). Once the movant presents evidence demonstrating entitlement to summary judgment, the nonmovant must present specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

### B.     Personal Involvement

To prevail on his claims, Higgins must demonstrate that defendant was personally involved in the alleged constitutional violation. *See Jones v. Lowndes County, Mississippi*, 78 F.3d 344, 349 (5th Cir. 2012). Thaler submits evidence that the TDCJ policy dictating the availability of orthopedic footwear is set by the TDCJ Health Services Division, the University of Texas Medical Branch, and the Texas Tech University Health Science Center. *See* Motion for Summary Judgment, Exh. B. Thaler submits an affidavit stating that he played no role in the formation or implementation of the challenged policy, and played no role in medically evaluating inmates for orthopedic footwear. *Id.* at Exh. A.[1] Higgins has submitted no evidence to rebut Thaler's evidence.

---

[1]     Defendant attached an unsigned copy of the Thaler affidavit to the motion for summary judgment. A signed version was filed and docketed as docket entry # 24.

Because the evidence shows that defendant Thaler had no personal involvement in the formation or implementation of the policy, and played no role in determining that Higgins was ineligible to receive orthopedic footwear, Higgins fails to demonstrate the requisite personal involvement by Thaler. Thaler is therefore entitled to summary judgment.

### C. Conclusion

For the foregoing reasons, the defendant's motion for summary judgment is granted.

## III. Order

It is ORDERED that:

1. The defendant's motion for summary judgment (Doc. # 23) is GRANTED; and

2. The complaint (Doc. # 1) is DISMISSED WITH PREJUDICE.

SIGNED on this 13th day of May, 2014.

_____

Kenneth M. Hoyt
United States District Judge